IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CITY OF HOBBS,<br><br>          Plaintiff,<br>vs.<br><br>THE HARTFORD FIRE INSURANCE<br>COMPANY and NUTMEG<br>INSURANCE COMPANY,<br><br>          Defendants. | No. 95-0079 PK/LFG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion on Remand for Award of Prejudgment Interest, filed December 28, 2000 (Doc. 364), and the court, having reviewed the parties' submissions and the applicable law, finds that the motion should be granted in part.

Background

This case involves a bad faith failure to settle a claim brought by Plaintiff insured ("Hobbs or insured") against Defendant insurer ("Nutmeg or insurer"). The court's original grant of judgment as a matter of law in favor of the insurer was reversed on appeal in City of Hobbs v. Hartford Fire Ins. Co., 162 F.3d 576 (10th Cir. 1998) [Hobbs I], and the case was retried. On retrial, the jury found in favor of the insured and awarded $1,562,591.84 in compensatory damages and $1,000,000 in punitive damages.

Judgment was entered on the jury's verdict in favor of the insured in the amount of $2,562,591.84, plus prejudgment interest at fifteen percent per year on the compensatory damages amount of $1,562,591.84, included therein.  The remand judgment was affirmed on appeal, except for the award of prejudgment interest pursuant to N.M. Stat. Ann. § 56-8-3(B)  (Michie 1978).  City of Hobbs v. Nutmeg Ins. Co., Nos. 99-2308, 99-2318, 2000 WL 1763455, at *5-7 (10th Cir. Nov. 30, 2000) [Hobbs II].  In awarding prejudgment interest in the remand judgment, this court deemed it unnecessary to address alternative statutory support for prejudgment interest, i.e., N.M. Stat. Ann. § 56-8-4(B)[1] (Michie 1978).  That issue must now be addressed.

Discussion

Under § 56-8-4(B), the court may award prejudgment interest "not as damages, but as a management tool or penalty to foster settlement and prevent delay in all types of litigation." Sunwest Bank of Albuquerque, N.A. v. Colucci, 872 P.2d 346, 351 (N.M. 1994).  Thus, prejudgment interest pursuant to § 56-8-4(B) on compensatory damages

---

[1] N.M. Stat. Ann. § 56-8-4 provides, in pertinent part:

B. The court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things:
(1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and
(2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

promotes early settlements and compensates the victim for delays attributable to the tortfeasor.  Coates v. Wal-Mart Stores, Inc., 976 P.2d 999, 1011 (N.M. 1999); Weidler v. Big J Enter., Inc., 953 P.2d 1089, 1102-03 (N.M. Ct. App. 1997); Southard v. Fox, 833 P.2d 251, 254 (N.M. Ct. App. 1992).  In exercising discretion to award prejudgment interest under § 56-8-4(B), the court is required to consider "among other things, whether the plaintiff was the cause of unreasonable delay . . . and whether the defendant had previously made a reasonable and timely offer of settlement."  Colucci, 872 P.2d at 350.  Section 56-8-4(B) "applies to all actions, including tort actions in which damages are not reasonably ascertainable before trial."  Charter Servs., Inc. v. Principal Mut. Life Ins. Co., 868 P.2d 1307, 1314 (N.M. Ct. App. 1994) (citation omitted)..

    With these principles in mind, the court finds that the insured was not the cause of unreasonable delay, and that the insurer did not make a reasonable and timely offer of settlement after the Tenth Circuit's decision in Hobbs I.  See Southard, 833 P.2d at 255 (affirming prejudgment interest award where settlement offers were either reasonable but not timely or timely but not reasonable).  Thus, prejudgment interest in this case should run from the date of the mandate in Hobbs I, December 1, 1998.  Doc. 273.  At this point, the landscape surrounding this case had changed considerably and should have prompted realistic and timely settlement offers from the insurer.

    This change in landscape was not only based upon the Tenth Circuit's decision, but also upon the New Mexico Supreme Court's decision in Dairyland Ins. Co. v. Herman, 954 P.2d 56 (N.M. 1997).  Dairyland did not address whether a firm, reasonable

- 3 -

offer to settle by a claimant is a prerequisite for the insured to recover from the insurer in an excess judgment case, a key issue in Hobbs I.  However, the New Mexico Supreme Court reaffirmed that the insurer has a duty to settle "whenever practicable," held that the insurer's settlement conduct is accorded less deference when there is a "substantial likelihood" of an excess judgment, and further held that an insurer in these circumstances should conduct itself as though it would be liable for the entire amount of an excess judgment against its insured.  Dairyland, 954 P.2d at 61.

The Tenth Circuit's Hobbs I opinion relied upon Dairyland and then quite clearly decided that a firm offer by the claimant was not required, Hobbs I, 162 F.3d at 582-84, and that there was sufficient evidence in the first trial to preclude judgment as a matter of law.  Id. at 584-86.  The retrial evidence was much the same, but with the addition of different expert witnesses.  In passing on the sufficiency of the evidence to support a punitive damage instruction on retrial, this court summarized the evidence:

> The jury could conclude that the insurer preferred its interests to those of the insured by not undertaking a meaningful evaluation of the [Perez] case, despite its awareness of the emotional factors in the case and the potential damages.  Perhaps as a result of this inadequate evaluation, no excess letter was sent to the insured.  The jury also could conclude that the insurer made no reasonable attempt to negotiate a settlement or initiate settlement discussions, despite substantial exposure by the insured to an excess verdict.  In this regard, the jury could conclude that attorney Hall's early discussions about settlement of the case for $600,000, or $250,000-$300,000, deserved more than a $50,000 offer by the insured (totally unrealistic) coming two weeks before trial.  This lack of communication on the part of insurer could be viewed as symptomatic of an approach to the defense that refused to look at the downside of the case.

Mem. Op. & Order at 16 (Sept. 10, 1999) (Doc. 344).

One month before the second trial, the insurer offered to settle for $200,000, $100,000 less than its $300,000 offer to the insured during the first trial. About two weeks before the second trial (after substantial trial preparation), the insurer offered $750,000, and the insured counter-offered $1,450,000, an amount below the amount of compensatory damages awarded. This is hardly a case where the amount of compensatory damages was difficult to determine–both parties agreed compensatory damages would equal the amount that Hobbs was required to pay on the excess judgment and the jury was so instructed. Jury Instr. No. 8J (Doc. 319). The insurer did not appeal the compensatory award in the remand judgment. Although the insurer claims that the complexity of the case, including the possibility of punitive damages, made the case difficult to settle, this contention is unpersuasive given the insured's willingness to settle for an amount reflecting its compensatory damages. This also undercuts the insurer's contention that the insured was unrealistic in its demands, although the focus of the statute is on the defendant's offers. Southard, 833 P.2d at 255.

The insurer contends that it should not be penalized with prejudgment interest merely because the insured ultimately prevailed, especially given the award of punitive damages. Prejudgment interest in this case is appropriate because the insured should not be responsible for the delay attributable to the insurer after Hobbs I. The purpose of awarding punitive damages on the bad faith failure to settle claim is to deter other insurers from like conduct. The purpose of awarding prejudgment interest in the litigation of that matter is to compensate the insured for the insurer's delay and to

encourage settlement when liability is highly likely.

In arguing for a lesser prejudgment interest rate, the insurer claims "because none of the facts or applicable law had changed after the Tenth Circuit's November 1998 remand [Hobbs I], Nutmeg was reasonable in continuing to believe it had a substantial likelihood of success with a jury as it had with the trial judge." Def. Resp. at 12 (Doc. 366); see also id. at 3 ("None of the facts or case law had changed . . . ."). As discussed above, it was not reasonable for the insurer to believe that the law (and the only evaluation of the facts that mattered at that point) was unchanged after Hobbs I. The settlement offers either were not reasonable or not timely in light of the Tenth Circuit's evaluation of the evidence and its predictions as the application of New Mexico law. No one disputes the insurer's right to a trial after remand; but that is a separate question from whether its settlement offers were reasonable or timely in light of § 56-8-4(B).

The court will award prejudgment interest from December 1, 1998, at the rate of six percent. Because the insured initially urged an award of prejudgment interest under § 56-8-4(B) but the court did not reach the issue, and because the remand judgment was largely upheld on appeal in Hobbs II, postjudgment interest on the prejudgment interest will run from the date of the remand judgment, May 28, 1999 (Doc. 321). Bankamerica Commercial Corp. v. Mosher Steel of Kan., Inc., 103 F.3d 80, 81-82 (10th Cir. 1996).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion on Remand for Award of Prejudgment Interest, filed December 28, 2000 (Doc. 364), is granted in part and Plaintiff shall be allowed prejudgment interest on

the compensatory award at six percent accruing from December 1, 1998, as well as postjudgment interest on that prejudgment interest from the date of entry of the remand judgment, May 28, 1999.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that within ten days from the date of entry of this order counsel shall submit a form of judgment incorporating this ruling.

DATED this 27th day of April, 2001 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

K. Stephen Royce and Eric Scott Jeffries, Jeffries & Rugge, P.C., Albuquerque, New Mexico for Plaintiff City of Hobbs.

William P. Gralow and Lisa Entress Pullen, Civerolo, Gralow & Hill, Albuquerque, New Mexico for Defendant Nutmeg Insurance Company.